**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 11 2019

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TELLY SCOTT, Individually and on Behalf of all Others Similarly Situated**                                                 **PLAINTIFF**

vs.                                        No. 4:19-cv-888-KGB

**WINGS ON THA RUN, LLC, ANTHONY CRUTCHFIELD, and KEITH WORTHEN**                                        **DEFENDANTS**

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Telly Scott ("Plaintiff"), by and through his attorneys Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Wings on tha Run, LLC, Anthony Crutchfield, and Keith Worthen (collectively "Defendants"), he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who were employed by Defendants at any time within the three-year period preceding the filing of this Complaint.

2.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs and a reasonable attorney's fee as a result of Defendants' failure to pay Plaintiff and all similarly

situated employees minimum and overtime wages as required by the FLSA and AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

6. Plaintiff was employed by Defendants as a cook at Defendants' restaurant located in the Central Division of the Eastern District of Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff is an individual and a resident and domiciliary of Pulaski County.

9. Separate Defendant Wings on tha Run, LLC ("WOTR"), is a domestic limited liability company with its principal place of business in Jacksonville.

10. WOTR's registered agent for service is Keith Worthen, 1701 Skyline Drive, North Little Rock, Arkansas 72114.

11. Separate Defendant Anthony Crutchfield ("Crutchfield") is an individual and a resident and domiciliary of Arkansas.

12. Crutchfield is the owner, principal, officer and/or director of WOTR.

13. Crutchfield manages and controls the day-to-day operations of WOTR, including but not limited to the decision to not pay Plaintiff a proper minimum wage, nor a sufficient premium for hours worked in excess of forty (40) per week.

14. Separate Defendant Keith Worthen ("Worthen") is an individual and a resident and domiciliary of Arkansas.

15. Worthen is the owner, principal, officer and/or director of WOTR.

16. Worthen manages and controls the day-to-day operations of WOTR, including but not limited to the decision to not pay Plaintiff a proper minimum wage, nor a sufficient premium for hours worked in excess of forty (40) per week.

17. Defendants own and operate a restaurant in Jacksonsville called Wings on tha Run.

18. Defendants are an "employer" within the meaning set forth in the FLSA, and was, at all times relevant hereto, Plaintiff's employer.

19. At all times relevant hereto, Defendants had the power to hire and fire employees, and to supervise and set wages and wage policies for employees.

20. During the relevant time, Defendants had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

21. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

22. Defendants employed more than four employees within the State of Arkansas during each of the four years preceding the filing of this Complaint.

### IV.     FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

24. Plaintiff worked as an hourly-paid employee for Defendants from April of 2018 until November of 2019.

25. At all relevant times herein, Defendants directly hired Plaintiff to work in their restaurant, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

26. At all relevant times, Plaintiff has been classified as non-exempt from the overtime provisions of the FLSA.

27. During the relevant time, Plaintiff worked as a cook for Defendants at Wings on tha Run in Jacksonville.

28. Plaintiff and similarly situated employees regularly worked more than forty hours in a workweek.

29. At all times relevant to this Complaint, Defendant paid Plaintiff and similarly situated employees seven dollars per hour.

30. Defendant failed to pay Plaintiff and similarly situated employees one and one-half time their regular rate for all hours worked over forty in a workweek.

31. Defendants did not have a time clock system, nor any method to record time.

32. Plaintiff and similarly situated employees were required to arrive at least thirty minutes before their shift if opening the restaurant, and were required to stay at least thirty minutes after their shift if they were closing the restaurant.

33. Plaintiffs were not paid for time spent opening or closing the restaurant.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

34. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

35. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

36. Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Minimum wage for all hours worked;

B. An overtime premium for all hours worked in excess of forty (40) per week;

C. Liquidated damages; and

D. Costs of this action, including attorney's fees.

37. The proposed class of opt-in plaintiffs in this case is preliminarily defined as follows:

**All employees within the past three years.**

38. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They performed the same or similar job duties;

B. They were subject to Defendants' common policy of not paying a proper minimum wage;

C. They were subject to Defendants' common policy of not paying an overtime premium for all hours worked over forty (40) per week.

39. At all relevant times, Defendants directly hired members of the putative class; paid them wages; controlled their work schedules, duties,

protocols, applications, assignments and employment conditions; and kept at least some records regarding their employment.

40. At all relevant times, each member of the putative class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

41. Plaintiff is unable to state the exact number of the class, but believes the number to be more than ten (10) individuals. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

42. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

43. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

44. Defendants' actions in denying overtime wages to Plaintiff and all other similarly situated employees were intentional and constitute a willful violation of the FLSA.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

45. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

47. At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

48. At all times relevant to this Complaint, Defendants have acted, and continue to act, as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

49. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

50. Defendants classified Plaintiff as non-exempt from the requirements of the FLSA.

51. Despite the entitlement of Plaintiff to a minimum wage under the FLSA, Defendants failed to pay Plaintiff a proper minimum wage for some or all hours worked.

52. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

53. Defendants' failure to pay Plaintiff minimum and overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint

## VII. SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, et seq.

57. At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

59. Defendants classified Plaintiff as non-exempt from the requirements of the AMWA.

60. Despite the entitlement of Plaintiff to minimum wage under the AMWA, Defendants failed to pay Plaintiff a proper minimum wage for some or all hours worked.

61. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

62. Defendants' failure to pay Plaintiff minimum and overtime wages owed was willful.

63. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218

## VIII.  THIRD CAUSE OF ACTION
### (Collective Action Claims for Violation of the FLSA)

64. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

65. Plaintiff, on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

66. At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

67. At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

68. At all relevant times, Defendants were an "employer" of Plaintiff and all similarly situated employees, as defined by 29 U.S.C. § 203(d).

69. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty

(40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

70. Defendants classified Plaintiffs and similarly situated employees as non-exempt from the requirements of the FLSA.

71. At all relevant times, Defendants willfully failed and refused to pay a proper minimum wage to Plaintiff and other similarly situated employees for some or all hours worked.

72. At all relevant times, Defendants willfully failed and refused to pay an overtime premium to Plaintiff and other similarly situated employees for all hours worked over forty (40) per week.

73. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all other similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Telly Scott, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.   Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.   Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime compensation under the FLSA and its related regulations;

D.   Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.   Judgment for damages suffered by Plaintiff for all unpaid minimum wage and unpaid overtime compensation under the AMWA and its related regulations;

F.   Judgment for liquidated damages owed to Plaintiff pursuant to the AMWA and its related regulations;

G.   An order directing Defendants to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

H.   Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**PLAINTIFF TELLY SCOTT**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TELLY SCOTT, Individually and on**             **PLAINTIFF**
**Behalf of all Others Similarly Situated**

vs.             No. 4:19-cv-____

**WINGS ON THA RUN, LLC, ANTHONY**             **DEFENDANTS**
**CRUTCHFIELD, and KEITH WORTHEN**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for Wings on tha Run, LLC, Anthony Crutchfield, and Keith Worthen within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*/s/ Telly Scott*
_____
**TELLY SCOTT**

December 11, 2019


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**